IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROXANNE ARI, | ) | 1:10-CV-0008 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION |
| v. | ) | FOR CERTIFICATE OF |
| | ) | APPEALABILITY |
| MARY LATTIMORE, | ) | |
| | ) | (Docket #10) |
| Respondent. | ) | |
| | ) | |

Petitioner Roxanne Ari has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 20, 20010 the Magistrate Judge dismissed the complaint with leave to amend. When dismissing the petition, the Magistrate Judge found:

> In sum, the instant petition fails to state a cognizable claim for relief. Most of the petition challenges conditions of confinement and must be raised by way of a civil rights complaint. Because it appears a tenable claim may be raised with respect to some serious rules violations that could potentially extend the duration of her confinement, Petitioner will be granted an opportunity to file an amended petition. Petitioner is advised, however, that the petition must only raise cognizable claims relating to the duration or legality of her confinement, not conditions of confinement. Failure to raise cognizable federal claims will result in dismissal of the action. If Petitioner seeks only to raise claims involving conditions of confinement, she must do so by way of a separate civil rights complaint.

Petitioner did not file an amended petition. Rather, Petitioner filed a motion for a certificate of appealability. Petitioner contends the Magistrate Judge improperly dismissed his action.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Neither a certificate of appealability nor an appeal is available to Petitioner at this stage of the proceedings because there was been no final order resolving this action, as required by 28 U.S.C. § 2253. This action is not over because Petitioner still has the chance to file an amended petition that states grounds for relief. Thus, Petitioner's motion must be denied because there is no final order from which Petitioner can appeal.

Accordingly, the court hereby ORDERS that Petitioner's motion for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:  February 9, 2010                /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE