UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI,                               )<br>                                                       )<br>            Petitioner,                     )<br>                                                       )<br>      v.                                              )<br>                                                       )<br>                                                       )<br>MARY LATTIMORE, Warden,       )<br>                                                       )<br>            Respondent.                 )<br>_____)  | 1:10-CV-00008 AWI GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

    On January 4, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court. Following a preliminary review of the petition, on January 20, 2010, the undersigned issued an order dismissing the petition for failure to state a cognizable claim. Petitioner was granted leave to file an amended petition within (30) days of the date of service of the order. Petitioner then filed a motion for certificate of appealability which was denied by the District Court and dismissed by the Ninth Circuit Court of Appeals. Regardless, Petitioner was granted another thirty (30) days time to file an amended petition. She has not done so.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "[s]he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

As stated in the Court's order of January 4, 2010, the instant petition raises numerous challenges which fail to state a cognizable federal claim. Petitioner complains that she was unlawfully issued "Ducats, CDC 128s, CDC 115 and Keyhea [sic] Order[s]." Petitioner does not state how these various issuances have affected the legality or duration of her confinement. In fact, the majority of the supporting arguments to her claim concern her refusal of medical treatment. If these issuances have no effect on the length or duration of confinement, they are not cognizable in a federal habeas action and must be dismissed. Petitioner further alleges that she is being forced to take medications against her will and that this forced administration of drugs has caused her to suffer severe medical problems. This claim involves conditions of her confinement and must be raised by

way of a civil rights complaint.

The instant petition fails to state a cognizable claim for relief. Petitioner has been granted leave to file an amended petition raising only cognizable claims, but she has opted not to do so. She was forewarned that failure to do so would result in dismissal of the action.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for failure to state a claim.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 25, 2010**         **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE